IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Dwight Hurley, | |
| Plaintiff, | Civil Action File No.: |
| v. | |
| United Collection Service, Inc., | **COMPLAINT WITH JURY TRIAL DEMAND** |
| Defendant | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Dwight Hurley, is a natural person who resides in Hall County, Georgia.

2. Defendant, United Collection Service, Inc., is a corporation headquartered in Florida and does not maintain a registered agent in the State of

1

Georgia. It can be served through its registered agent and President, Thomas Hynes, 106 Commerce Street, Suite 101, Lake Mary, Florida 32746.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Gainesville Division because the conduct complained of herein occurred in Hall County, which is in the Gainesville Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 61-year old man with deteriorating health. He is disabled, unable to engage in competitive employment, and receives disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant markets itself as a national collection agency providing a full range of collection activity, including credit reporting. See, unitedwecollect.com/services/united-we-collect/. (Last visited December 15, 2020.)

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

13. For the last several months, the Plaintiff has been receiving collection calls and letters from a number of parties, including the Defendant.

14. By September 2020 the Plaintiff and his wife concluded that their debt was out of control. They were not sure what they owed and to whom. They resolved to get control of their debt and to determine if it was possible to pay what they owed to various creditors or if bankruptcy would be necessary.

15. As part of this process the Plaintiff obtained copies of his credit report as published by Experian and noted an account reported in collection by the Defendant which he did not recognize. The account was reported as opened in with the Defendant in October, 2017. A reproduction of the tradeline as reported by the Defendant on the September 2020 Experian report appears below…

| | | | | | |
|---|---|---|---|---|---|
| **Name:** United We Collect Inc<br>**Type:** Individual / Applicant<br>**Account:** XXXXXXXXXXXX1378<br>**Status:** Closed, Account Closed<br>**Term:** 1 Month<br>Open, Collection Attorney<br>**Original Creditor:** HALL COUNTY EMS | **Current:**<br>$300<br>**High Credit:**<br>$300 | **Date Opened:**<br>10/2017<br>**Last Reported:**<br>08/01/2020<br>**Last Activity:**<br>NA | **Monthly:**<br>$0<br>**Past Due:**<br>$300<br>**Pay History:**<br>-99999999999 | United Collection Service, Inc.<br>Attn: Bankruptcy<br>PO Box 953638<br>Lake Mary, FL 32795<br>407-833-8900<br>**Verified:**<br>08/2020 | 106 Commerce St Ste 101<br>Lake Mary, FL 32746<br>407-833-8900 |
| **Name:** United We Collect Inc<br>**Type:** Undesignated / Co-Applicant<br>**Account:** XXXXXXXXXXXX1367<br>**Status:** Closed, Account Closed<br>**Term:** 1 Month<br>Open, Collection Attorney<br>**Original Creditor:** HALL COUNTY EMS | **Current:**<br>$300<br>**High Credit:**<br>$300 | **Date Opened:**<br>10/2017<br>**Last Reported:**<br>08/01/2020<br>**Last Activity:**<br>NA | **Monthly:**<br>$0<br>**Past Due:**<br>$300<br>**Pay History:**<br>-99999999999 | United Collection Service, Inc.<br>Attn: Bankruptcy<br>PO Box 953638<br>Lake Mary, FL 32795<br>407-833-8900<br>**Verified:**<br>08/2020 | 106 Commerce St Ste 101<br>Lake Mary, FL 32746<br>407-833-8900 |

16. Plaintiff initiated a telephone call to the Defendant on or about September 10th, 2020. After confirming the Plaintiff's identity, the Defendant

confirmed that it was collecting a debt in the amount of $300.00 for Hall County EMS relating to an emergency transport that occurred on June 18th, 2017. The Defendant further advised that this was the amount remaining after Medicare had paid its portion of the total charges.

17. Eventually the Plaintiff concluded that he was unable to manage his total debt given his inability to maintain employment, and on October 2nd, 2020 he filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code in the Northern District of Georgia, Gainesville Division. His case was assigned number 20-21340.

18. The Plaintiff scheduled the Defendant as an unsecured creditor, referencing both of the debts described by the Defendant and as reported to Experian. A reproduction of the pertinent schedule reflecting this debt, highlighted for ease of reference, appears below…

Case 20-21340   Doc 1   Filed 10/02/20   Entered 10/02/20 11:40:22   Desc Main
Document   Page 39 of 68

Debtor 1  **Dwight Clinton Hurley**
Debtor 2  **Felecia Elaine Hurley**                                   Case number (if known) _____

**Part 2: Your NONPRIORITY Unsecured Claims -- Continuation Page**

After listing any entries on this page, number them sequentially from the previous page.                              Total claim

**4.51**                                                                                                           $300.00

**United Collection Service, Inc.**          Last 4 digits of account number   1  3  7  8
Nonpriority Creditor's Name
**Attn: Bankruptcy**                         When was the debt incurred?   10/2017
Number   Street
**PO Box 953638**                            As of the date you file, the claim is: Check all that apply.
                                             ☐ Contingent
                                             ☐ Unliquidated
                                             ☑ Disputed

**Lake Mary**         **FL**   **32795**
City                  State    ZIP Code      Type of NONPRIORITY unsecured claim:
Who incurred the debt?   Check one.
☐ Debtor 1 only                              ☐ Student loans
☐ Debtor 2 only                              ☐ Obligations arising out of a separation agreement or divorce
☑ Debtor 1 and Debtor 2 only                   that you did not report as priority claims
☐ At least one of the debtors and another    ☐ Debts to pension or profit-sharing plans, and other similar debts
                                             ☑ Other. Specify
☐ Check if this claim is for a community debt    **Account**

Is the claim subject to offset?
☑ No
☐ Yes

**4.52**                                                                                                           $300.00

**United Collection Service, Inc.**          Last 4 digits of account number   1  3  6  7
Nonpriority Creditor's Name
**Attn: Bankruptcy**                         When was the debt incurred?   10/2017
Number   Street
**PO Box 953638**                            As of the date you file, the claim is: Check all that apply.
                                             ☐ Contingent
                                             ☐ Unliquidated
                                             ☑ Disputed

**Lake Mary**         **FL**   **32795**
City                  State    ZIP Code      Type of NONPRIORITY unsecured claim:
Who incurred the debt?   Check one.
☐ Debtor 1 only                              ☐ Student loans
☐ Debtor 2 only                              ☐ Obligations arising out of a separation agreement or divorce
☑ Debtor 1 and Debtor 2 only                   that you did not report as priority claims
☐ At least one of the debtors and another    ☐ Debts to pension or profit-sharing plans, and other similar debts
                                             ☑ Other. Specify
☐ Check if this claim is for a community debt    **Account**

Is the claim subject to offset?
☑ No
☐ Yes

19. On October 4th, 2020 notice of the Plaintiff's bankruptcy filing was provided to the Defendant via the Bankruptcy Noticing Center. A copy of this notice with Defendant's address is highlighted and attached hereto as Exhibit 1.

20. As part of his desire to regain complete control over his finances, the Plaintiff obtained a copy of his credit report as published by Experian on November 11th, 2020. In reviewing that report he noted that the Defendant, despite having actual notice of the Plaintiff's bankruptcy case and its inclusion therein as an unsecured creditor, reported the account in collection and described above as in current collection, and did not report that the debt had been included in Plaintiff's bankruptcy. A reproduction of the relevant portion of the tradeline as reported by the Defendant on November 3rd, 2020 is reproduced below…



21.     The Defendant reported the status of the account as being in active collection as of November 3, 2020.  This was objectively false and materially misleading. It provided all viewers of the Plaintiff's credit report with the impression that this particular debt was in active collection, was not included in the Plaintiff's bankruptcy case, and that the Plaintiff was subject to further collection on the account including legal process.  Moreover, it convinced the Plaintiff that the Defendant was determined to continue collection efforts despite the bankruptcy case.

## **INJURIES-IN-FACT**

22.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

23.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

24. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

25. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

26. Defendant's acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant creates the false impression that Defendant's claim is subject to collection outside the parameters of Plaintiff's bankruptcy case. This is a significant detriment as it hinders Plaintiff's ability to secure post-petition credit during the bankruptcy. Moreover, it has created anxiety and worry on the part of the Plaintiff that Defendant is going to continue collection activity notwithstanding the bankruptcy.

27. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

28. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry caused by concern that Defendant was engaging in false credit reporting and continuing collection activities unlawfully. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

29. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

30. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

31. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

32. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

33. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

34. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

35. The Defendant's reporting of his account as being in active collection as opposed to being involved in Plaintiff's bankruptcy was objectively false and

materially misleading, and a violation of 15 U.S.C. §§ 1692e, 1692e(2)A, and 1692e(8).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

36. Plaintiff incorporates by reference paragraphs 1 through 28 and 30 through 35 as though fully stated herein.

37. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

38. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

39. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

40. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

41. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

42. Defendant's conduct has implications for the consuming public in general.

43. Defendant's conduct negatively impacts the consumer marketplace.

44. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

45. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

46. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

47. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

48. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 16th day of December, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Matthew Landreau
Georgia Bar No.: 301329
*Mlandreau@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*